WHATLEY, Judge.
Chris Wilford appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the order of the trial court in regard to one of his two claims and affirm without comment in regard to the other claim.
In his motion, Wilford alleges that his defense counsel was' ineffective both for failing to file a motion to suppress his statements made to law enforcement and for failing at trial to object to the admissibility of these statements. Wilford asserts his counsel -should have filed a motion to suppress alleging both inadequate Miranda warnings and a violation of his Sixth Amendment right to counsel.
The limited record shows that law enforcement may have given Wilford inadequate Miranda warnings by not informing him that anything he said could be used against him in a court of law or something equivalent. See Duckworth v. Eagan, 492 U.S. 195, 201-02, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (holding that Miranda warnings do not have to be given in the exact form stated in the Miranda opinion as long as an effective equivalent is given). See also Thompson v. State, 595 So.2d 16, 17 (Fla.1992) (stating that the warnings required to comply with the self-incrimination clause of Article I, Section 9, Florida Constitution, do not have to be given in the exact form as long as an effective equivalent is given).
Again based on the limited record before us, Wilford’s Sixth Amendment claim may not have merit. Even though Wilford’s Sixth Amendment right to counsel had attached to other charges, adversary judicial criminal proceedings may not have been initiated in regard to the charges of this case at the time he was interrogated by law enforcement. See Texas v. Cobb, 532 U.S. 162, 167-68, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001) (holding that “a defendant’s statements regarding offenses for which he had not been charged were admissible notwithstanding the attachment of his Sixth Amendment right to counsel on other charged offenses”). See also Smith v. State, 699 So.2d 629, 639 (Fla.1997) (stating that “the right to counsel under either the Sixth Amendment or article I, section 16, [Florida Constitution,] is offense-specific”).
After consideration of this ineffective assistance of counsel claim, the trial court concluded that Wilford was attempting to raise it in regard to a different criminal case (circuit court case number 98-13083) than the case before the trial court (circuit court case number 98-14707). Because of the confusing way in which Wilford presented his claim, it is understandable that the trial court would reach the conclusion it did. However, Wilford has stated a facially sufficient claim of ineffective assistance of counsel in regard to circuit court case number 98-14704, and the trial court must consider it. -
*926 We reverse the trial court s order in regard to this claim and remand with directions that the trial court either hold an evidentiary hearing or, if it again denies the claim, attach to its order the portions of the record refuting the claim.
Affirmed in part, reversed in part, and remanded.
FULMER and COVINGTON, JJ., Concur.